UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JULIAN ANTONIO NIXON,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1092

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

I.      **Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.18.) In an order entered on April 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 3.) Respondents filed their response on April 6, 2026, (Resp., ECF No. 4), and Petitioner filed his reply on April 9, 2026, (ECF No. 5).

## II.      Factual Background

Petitioner is a citizen of the Bahamas who was admitted to the United States on a B2 visa on June 3, 2008. (Pet., ECF No. 1, PageID.3, 9; 2026 Form I-213, ECF No. 4-1, PageID.150; Notice to Appear (NTA), ECF No. 4-10, PageID.184.) Petitioner's visa expired on December 12, 2008; however, Petitioner has remained in the United States since that time. (Pet., ECF No. 1, PageID.3, 9; 2026 Form I-213, ECF No. 4-1, PageID.150; NTA, ECF No. 4-10, PageID.184.) On January 3, 2026, ICE agents arrested Petitioner following Petitioner's detention by local law enforcement. (2026 Form I-213, ECF No. 4-1, PageID.150.)

On February 13, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Feb. 13, 2026, Immigration Judge Order, ECF No. 4-6, PageID.169.) At the conclusion of the February 13, 2026, hearing, the immigration judge denied Petitioner's request for bond, stating in part:

> The burden of proof lies with the Respondent to establish eligibility for bond and individuals must demonstrate they do not pose a danger or flight risk.
>
> *          *          *
>
> The court finds that Respondent has failed to meet his burden to show that he is not a danger to the community. The Court therefore denies his request for bond reconsideration.

(*Id.*) The Detroit Immigration Court subsequently denied Petitioner's request for a change in custody status on February 20, 2026. (Feb. 20, 2026, Immigration Judge Order, ECF No. 4-8, PageID.178.) In a written order, the Immigration Judge concluded: "Respondent is not eligible for a second bond hearing. There has been no change of circumstances since the last hearing" and that "[i]n the alternative, the Court would still deny Respondent's request for a change in custody status as the Court finds Respondent is a danger to the community." (*Id.*)

### III.  Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV.  Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### V.  Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the ICE Detroit Field Office Director and the Secretary

for the Department of Homeland Security as Respondents. The Court will dismiss the United States Department of Homeland Security and the United States Attorney General as Respondents.

## Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before a neutral immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:     April 16, 2026                      /s/ Jane M. Beckering
                                               Jane M. Beckering
                                               United States District Judge